Filed 8/2/24  Yehoshua v. American Roofing and Gutters CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RAN YEHOSHUA,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>AMERICAN ROOFING AND GUTTERS, INC., et al.,<br><br>　　　Defendants and Appellants. | B333020<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV26201) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

　　　Jankielewicz & Sons and Lenny Janner for Defendants and Appellants.

　　　Weinberg Law Offices and Yoni Weinberg for Plaintiff and Respondent.

_____

Appellants American Roofing and Gutters, Inc., First Choice Roofing, Inc., and Yosi Lior Dahan made a settlement offer to respondent Ran Yehoshua under Code of Civil Procedure section 998.[1]  The offer, served on September 10, 2021, provided that, if Yehoshua dismissed his complaint with prejudice: (1) appellants would pay Yehoshua $25,001 as well as the attorneys' fees and costs he incurred up to the date of settlement; (2) Dahan would dismiss a cross-complaint with prejudice; and (3) appellants would waive any potential claims against Yehoshua and/or his counsel arising from the lawsuit, including any claims for malicious prosecution or abuse of process.

Yehoshua accepted the offer in a signed writing that was electronically served on October 3, 2021.  Before Yehoshua could file the offer and acceptance with the court, appellants attempted to withdraw the offer.  Over the next twenty months, Yehoshua submitted eight proposed judgments to the trial court over several objections lodged by appellants, including that the section 998 offer could not have been accepted because it had been withdrawn and that the offer did not contemplate the entry of a judgment.  To each proposed judgment, appellants objected on various, often-changing grounds.  In July 2023, the court entered Yehoshua's eighth proposed judgment.

On appeal, appellants argue that: (a) Yehoshua could not have accepted the section 998 offer because it was withdrawn before Yehoshua filed the offer and acceptance with the court; and (b) even had Yehoshua validly accepted the offer, it did not form the basis for an entry of judgment because the offer never

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

contemplated an entry of judgment. We conclude that the court did not err and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A. *Appellants Make, and Yehoshua Accepts, a Section 998 Offer to Settle*

In July 2019, Yehoshua filed a complaint with fourteen causes of action, alleging Labor Code violations, unfair business practices, discrimination, and wrongful termination. On September 10, 2021, appellants made a statutory offer to compromise under section 998. The offer stated that, pursuant to section 998, appellants offered to settle the matter in its entirety "with payment to Plaintiff, in the amount of **$25,001 (Twenty Five Thousand and One Dollars),** on the following terms: [¶] 1) Plaintiff will dismiss his entire complaint, with prejudice; [¶] 2) Cross Complainant Dahan will dismiss his Cross Complaint with prejudice; [¶] 3) Defendants will waive, with prejudice, any potential claims against Plaintiff and/or Plaintiff's counsel, for any future claims against Plaintiff and/or his counsel arising from this lawsuit, including but not limited to claims of Malicious Prosecution and/or Abuse of Process." Appellants added that "[i]n addition to [the] monetary payment noted above, and as an integral part of this offer, Defendants shall also pay to Plaintiff and his counsel, any reasonable attorney fees, and costs, that have been incurred up to the date of settlement, or date this offer expires, whichever is later. The amount of attorney fees shall be determined by Motion for Attorney Fees."

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

3

The written offer "reminded" Yehoshua that the Code of Civil Procedure provided that "[n]ot less than 10 days prior to commencement of trial . . . any party may serve an offer in writing upon any other party to the action to allow judgment to be taken . . . in accordance with the terms and conditions stated at that time"; that "[t]he written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted"; and that "[i]f the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly."

On October 3, 2021, Yehoshua electronically served "Plaintiff Ran Yehoshua's Acceptance of Offer to Compromise." The signed pleading stated, "I, Ran Yehoshua, accept defendants' offer to compromise [C.C.P. 998], pursuant to the terms listed within the 998 offer which was served on plaintiff on September of 2021 [*sic*]."

### B. *Appellants Try to Reject Yehoshua's Acceptance*

On October 5, 2021, appellants filed and served a "Notice of Objection to Plaintiff's Alleged Acceptance of CCP 998 Offer/Withdrawal of Said Offer." Appellants claimed that Yehoshua's acceptance "fails to comply with the provisions and mandate of California Code of Civil Procedure Section 998" because it "was not properly signed and was not filed with the court timely, as mandated by CCP 998 (b)(1)." Appellants then stated that the offer "is hereby withdrawn."

On October 6, 2021, Yehoshua filed appellants' section 998 offer and his signed acceptance thereof. Less than two hours

4

later, appellants filed a "Notice of Objection to Plaintiff's Claim of 'Settlement.' "

### C. *The Court Enters Judgment*

#### 1. The First Proposed Judgment

On October 18, 2021, Yehoshua served (and presumably filed) a proposed judgment,[3] stating that "Judgment is entered in favor of the Plaintiff, pursuant to the terms of agreement written in the attached" section 998 offer and that "Judgment is entered in favor of Plaintiff in the amount of $25,000 plus reasonable attorney's fees to be determined by the court by subsequent motion and/or memorandum."

Appellants objected to the proposed judgment, claiming that "[t]he offer to compromise was withdrawn prior to acceptance"; that "[t]he terms of the offer to compromise were insufficiently clear, as no aggregate specific dollar amount was ever offered"; and that "[t]he offer was made by counsel for Defendants/Cross Complainant without full settlement authority. A motion for relief, pursuant to California Code of Civil Procedure Section 473 will be filed/served shortly."[4]

---

[3] The case register shows an "Offer to Compromise and Acceptance Under Code of Civil Procedure Section 998" filed that day.

[4] Nothing in the record demonstrates any such motion was ever filed and appellants have made no contention on appeal that the offer of settlement was unauthorized.

### 2. The Second Proposed Judgment

On November 1, 2021, Yehoshua served (and presumably filed) another proposed judgment.[5] This judgment changed the amount to be paid to $25,001 and added terms that Dahan would dismiss his cross-complaint with prejudice; that defendants would waive all claims against Yehoshua and his counsel arising from the lawsuit; that "[u]pon full and final payment and/or execution by Defendant(s) of the Settlement Terms described below, Plaintiff shall have by operation of the Final Order and this Judgment, dismiss his complaint [*sic*] and fully, finally, and forever released, relinquished, and discharged all Defendants in this case for all claims and causes of actions, and are hereby forever barred and enjoined from prosecuting released claims against Released Parties"; and that the court would reserve jurisdiction under section 664.6 to "supervis[e] the implementation, enforcement, construction, and interpretation of the Settlement, the Procedural Order, the Final Order, Any Subsequent Motion, Subsequent Memoranda, and/or the Judgment."

Appellants objected to this proposed judgment, citing the same grounds as before.

### 3. The Third Proposed Judgment

On October 25, 2022, Yehoshua served another proposed judgment.[6] This proposed judgment was identical to the one

---

[5] The case register shows a "Notice of Settlement" filed that day.

[6] The case register shows nothing filed on that day.

served on November 1, except that it added "and costs" to the provision regarding attorneys' fees.

Appellants again objected to the proposed judgment. However, rather than argue that the offer had been withdrawn, was ambiguous, and was made without authority, they argued that: (1) the section 998 offer made "no reference to a 'subsequent' motion for attorney fees and/or memorandum. Plaintiff has already missed multiple deadlines to proceed with such a motion, and indeed, as of the date of this filing, still has failed to do so"; (2) Dahan had already dismissed his cross-complaint with prejudice;[7] and (3) the parties never agreed for the court to retain jurisdiction under section 664.6.

### 4. The Fourth Proposed Judgment

On December 29, 2022, Yehoshua served (and presumably filed) another proposed judgment.[8] This proposed judgment was identical to the October 25, 2022 proposed judgment.

### 5. The Fifth Proposed Judgment

On December 30, 2022, Yehoshua served another proposed judgment.[9] This version deleted the provision that the court would retain jurisdiction under section 664.6.

In January 2023, appellants objected to both the December 29 and December 30, 2022 proposed judgments, arguing that: (1)

---

[7] This apparently occurred in August 2022.

[8] The case register shows an "Offer to Compromise and Acceptance Under Code of Civil Procedure Section 998" filed that day.

[9] The case register shows nothing filed that day.

it was unclear which judgment was being proposed;[10] (2) the section 998 offer "never envisioned entry of a judgment, and indeed, expressly proposed a settlement whereby settlement funds are paid, in exchange for a dismissal with prejudice of both the complaint and cross complaint"; (3) there was no indication the parties had agreed for the court to retain jurisdiction under section 664.6; (4) Dahan had already dismissed his cross-complaint with prejudice; (5) although the section 998 offer was served a year and a half ago and appellants had already paid the $25,001, Yehoshua had yet to proceed with requesting costs and attorneys' fees; and (6) the proofs of service for the proposed judgments were incorrect.

In March 2023, the trial court rejected both proposed judgments because "[t]he 998 offer does not say that a judgment would be entered." That same day, Yehoshua filed a "Notice of Objection re: Ruling re: Plaintiff's [Proposed] Judgment." Yehoshua argued that because the section 998 offer contained a provision for Yehoshua to file a motion for attorneys' fees, and such a motion " 'must be served and filed within the time for filing a notice of appeal under [California Rules of Court] rules 8.104 and 8.108 in an unlimited civil case,' " and the deadlines set forth in rules 8.104 and 8.108 were based on entry of judgment, "a notice for a motion for attorney's fees, as requested by Plaintiff in this matter, must *necessarily* be permitted to be filed *after*

---

[10] However, attached to this notice was an e-mail from Yehoshua's counsel stating: "We specified to the clerk in the OneLegal notes that the only judgment that should be entered is the judgment that does NOT include the portion that indicates the court's reservation and jurisdiction. The other one is an error and will be disregarded by the clerk."

Notice of Entry of judgment" (boldface removed).  Yehoshua's counsel also submitted a declaration in which he argued that "[t]he 998 offer does in fact state that judgment would be entered" but "even if the 998 did not specify judgment," it did not need to, as judgments were contemplated by the statute itself.

### 6.  The Sixth Proposed Judgment

On May 25, 2023, Yehoshua served another proposed judgment.[11]  This proposed judgment was substantively identical to the December 30, 2022 proposed judgment, except that it added that judgment would be entered "jointly and severally" against "American Roofing and Gutters, Inc."; "First Choice Roofing, Inc."; and "Yosi Lior Dahan"; and that the attorneys' fees and costs would be limited to those incurred "up to the later of the date of settlement or expiration of the 998 offer."

### 7.  The Seventh Proposed Judgment

On the same day as the sixth proposed judgment, another proposed judgment was served, adding the sentence that "Per the terms of the CCP 998 Settlement agreement, when the terms of the agreement are fulfilled[,] Plaintiff will dismiss this Complaint and relinquish all Defendants of liability."

Appellants objected to both May 25, 2023 proposed judgments, arguing: (1) it was unclear which judgment was being proposed; (2) the proofs of service on the documents were incorrect; (3) Yehoshua was "attempting to unilaterally change the names of the alleged judgment creditors"; (4) Yehoshua was "attempting to alter the language of the underlying statutory offer, by claiming entitlement to pursuing a motion for attorney

---

[11] The case register shows nothing filed on that day.

fees"; (5) Dahan had already dismissed the cross-complaint; and (6) Yehoshua had submitted similar judgments that the court had already rejected.

### 8. The Eighth Proposed Judgment

On July 3, 2023, Yehoshua served another proposed judgment.[12] This proposed judgment was substantively identical to the one first proposed on May 25, 2023 (i.e., the Sixth Proposed Judgment).

Appellants objected to the proposed judgment, arguing: (1) Dahan had already dismissed the cross-complaint; (2) the court had already rejected similar judgments; and (3) the proposed judgment referenced both a judgment and a settlement.

### 9. The Court Enters Multiple Judgments

On July 17, 2023, the court entered the July 3, 2023 proposed judgment. The judgment stated that "[h]aving considered the Offer to Compromise and Acceptance Under Code of Civil Procedure Section 998 between" the parties, judgment was entered in favor of Yehoshua and against appellants, jointly and severally, in the amount of $25,001 plus reasonable attorneys' fees and costs; that Dahan was to dismiss his cross-complaint; that appellants would waive any claims against Yehoshua and/or his counsel arising from the lawsuit; and that "[u]pon full and final payment and/or execution by Defendant(s) of the Settlement Terms described in this judgment, Plaintiff shall have by operation of the Final Order and this Judgment, dismiss his complaint [*sic*]."

---

[12] The case register shows nothing filed that day.

10

On July 21, 2023, the court clerk served a Notice of Entry of Judgment regarding the July 17, 2023 judgment. On July 25, 2023, Yehoshua's counsel also served a Notice of Entry of Judgment regarding the July 17, 2023 judgment. Appellants timely appealed the July 17, 2023 judgment.[13]

On September 14, 2023, Yehoshua filed a motion for attorneys' fees. The motion is currently set to be heard on February 5, 2025.

## DISCUSSION

### A. *Acceptance of a Section 998 Offer Does Not Hinge on Filing of the Acceptance*

In entering judgment after having considered the "Offer to Compromise and Acceptance Under Code of Civil Procedure Section 998" between the parties, the trial court implicitly found

---

[13] According to the appellate record, on July 21, 2023, the trial court apparently entered a second judgment, a "form" judgment, specifying that $0.00 was awarded for "Principal"; "Punitive Damages"; "Costs"; "Recovery Costs"; "Damages"; "Attorney Fees"; or "Interest" but $25,001.00 was awarded for "Other." On September 26, 2023, Yehoshua served Notice of Entry of the July 21, 2023 judgment. On October 6, 2023, appellants objected to "Multiple Notices of Entry of Judgment," stating they objected to the entry of any judgment but did not object to the portion of the second entered judgment that provided for $0.00 in Attorney Fees, Costs, Recovery Costs, Interest, Damages, Principal, and Punitive Damages, or $25,001 for the "total judgment amount." The record does not disclose whether the court ever addressed appellants' objections. Because this appeal is from the July 17, 2023 judgment, and no party has asked us to address the July 21, 2023 judgment, we do not do so.

11

that Yehoshua had validly accepted the section 998 offer appellants had made.  Appellants contend the court erred in making this finding because "[i]n order for a statutory offer to be accepted, it was mandatory that the offer, with notice of acceptance, be filed with the court" and "Plaintiff was statutorily required to file the requisite documents with the court, **prior to a withdrawal**."  Because the parties do not dispute the facts and disagree only on whether section 998 required Yehoshua to file documents with the court to accept the offer, we review the court's finding de novo.  (*Guttman v. Guttman* (2021) 72 Cal.App.5th 396, 407 [review of interpretation of statutes and application to undisputed facts is de novo].)

Section 998 provides in pertinent part that an offer thereunder "shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted."  (§ 998, subd. (b).)  It goes on to say that "[a]ny acceptance of the offer . . . shall be in writing and shall be signed by counsel for the accepting party or, if not represented by counsel, by the accepting party."  (*Ibid.*)  It also states that "[i]f the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly."  (§ 998, subd. (b)(1).)

Citing section 998, subdivision (b)(1), appellants argue that for a section 998 offer to be accepted, "it was **mandatory** that the offer, with notice of acceptance, be filed with the court," and that this acceptance must be filed before the offer is withdrawn.  In other words, appellants are arguing that a section 998 offer is not accepted *until* the offer with notice of acceptance is filed with the

12

court.  Appellants' interpretation of section 998 conflicts with its plain language.

First, a section 998 offer requires "a provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted."  (§ 998, subd. (b).)  By its very definition, a section 998 offer must be able to be accepted simply by signing a statement that the offer is accepted.

Second, the provision provides that "[i]f the offer is accepted, the offer with proof of acceptance shall be filed."  (§ 998, subd. (b)(1).)  In other words, the requirement to file the proof of acceptance is something that occurs after the offer is accepted — it is not an act required for acceptance to occur.  Had the Legislature intended to require filing of an acceptance for it to become effective, it could have achieved this by instead stating, in substance, "to accept the offer, the offer with proof of acceptance shall be filed."  It did not do so.[14]

_____

[14] Appellants sole citation to authority for their position begs the question.  They cite to the California Supreme Court's opinion in *T.M. Cobb Co. v Superior Court* (1984) 36 Cal.3d 273 (*T.M. Cobb*) for the proposition that a section 998 offer can be revoked prior to acceptance.  We have no quarrel with that proposition but nowhere in *T.M. Cobb* does the Supreme Court state that acceptance of a section 998 offer must be filed with the court for it to be effective.  Indeed, the court stated that "[t]he sole issue presented by this case is whether an offer of compromise made pursuant to section 998 of the Code of Civil Procedure is revocable."  (*Id.* at p. 275.)

In *T.M. Cobb*, while the petitioner acknowledged that the real parties in interest had revoked their section 998 offer, the petitioner "nevertheless stated that it was accepting real parties' offer of July 21st" and then "filed its 'acceptance' in superior court *(Fn. is continued on the next page.)*

13

**B.**  *Entry of a Judgment Was Not Precluded by the Terms of the Accepted Section 998 Offer*

Appellants next argue that, even had the section 998 offer been validly accepted, it could not form the basis of a judgment because the terms of the offer did not contemplate a judgment. We disagree.

A section 998 offer "results in a judgment unless otherwise specified in the offer." (*Arriagarazo v. BMW of North America, LLC* (2021) 64 Cal.App.5th 742, 747 (*Arriagarazo*).)  Further, the drafter of the offer "had the duty to make clear in its section 998 offer any intention to stray from the usual path under section 998 of entry of judgment." (*Id.* at p. 749.)

Here, appellants' offer did contain the term that "Plaintiff will dismiss his entire complaint, with prejudice."  However, it also contained language that "any party may serve an offer in writing upon any other party to the action to allow judgment to be taken" and provided that after a notice of acceptance of the offer was filed, "the clerk or the judge shall enter judgment accordingly."  The offer, read in its entirety, is thus ambiguous as to whether the entry of judgment was contemplated.[15]

---

pursuant to section 998." (*T.M. Cobb*, *supra*, 36 Cal.3d at p. 276.) The Supreme Court found that this "acceptance" was invalid because "real parties properly revoked their offer prior to any acceptance." (*Id.* at p. 283.)  Here, by contrast, appellants did not revoke the offer until *after* Yehoshua accepted it.  *T.M. Cobb* has no bearing on this situation.

[15] A clear articulation would not be novel.  (See, e.g., *Menges v. Department of Transportation* (2020) 59 Cal.App.5th 13, 26 [discussing section 998 offer that stated "[t]his is an offer to settle, not an offer to have judgment taken"].)

The ambiguity is highlighted by events that followed the offer. Appellants took the position that the section 998 procedure referenced in the offer mandated that the accepted offer had to be filed with the clerk in order to complete the process of acceptance, and then contested the existence of a binding settlement. The language of the offer did not specify that acceptance could only be completed by filing an acceptance with the clerk; appellants relied for that position on the language of section 998 that was also included in the section 998 offer. Thus, it was appellants who first took the position that section 998 statutory procedure was a material part of the offer. If that is true, then the statutory language regarding entry of judgment may also be considered a material part of the offer.

"Because the section 998 process is contractual, we apply well-established contract law principles to section 998 offers and acceptances, unless there is a conflict with section 998 or applying such principles defeat its purpose." (*Arriagarazo*, *supra*, 64 Cal.App.5th at p. 748.) "The rule is well settled that where a contract is ambiguous, the court may consider the subsequent conduct of the parties for the purpose of discovering their intent in entering into a contract." (*Western Medical Enterprises, Inc. v. Albers* (1985) 166 Cal.App.3d 383, 391.)

After Yehoshua filed his acceptance of appellants' section 998 offer, he proceeded to attempt to get the court to enter judgment, beginning on October 18, 2021. To each proposed judgment that Yehoshua filed, appellants objected. For over a year, appellants never objected that Yehoshua's proposed judgments were improper because the section 998 offer did not contemplate entry of judgment. Instead, appellants argued that the offer had been withdrawn before it was accepted; that it was

15

ambiguous because no aggregate specific dollar amount was ever offered; that it was made without authority; that the offer made "no reference to a 'subsequent' motion for attorney fees and/or memorandum"; that the cross-complaint had already been dismissed; and that the parties never agreed for the court to retain jurisdiction under section 664.6. It was not until January 2023, more than a year after Yehoshua began submitting proposed judgments, that appellants' objections included that the section 998 offer "never envisioned entry of a judgment, and indeed, expressly proposed a settlement whereby settlement funds are paid, in exchange for a dismissal with prejudice of both the complaint and cross complaint."

Appellants' own subsequent actions thus support our interpretation of the settlement agreement as not precluding entry of judgment. Because it was appellants' duty to make clear "any intention to stray from the usual path under section 998 of entry of judgment," we hold that the section 998 offer permitted the entry of judgment that occurred in this case when the court determined it was necessary in order to effectuate the parties' settlement.

## DISPOSITION

The judgment is affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED


KELLEY, J.[*]


We concur:



BENDIX, Acting P. J.



WEINGART, J.

---

[*]Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.